*E-Filed 1/12/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATHANIEL USHER,

    Petitioner,

v.

RICK HILL, Warden,

    Respondent.

                        /

No. C 13-0766 RS (PR)

**ORDER REOPENING ACTION;**

**ORDER DENYING MOTION FOR RECONSIDERATION;**

**ORDER CLOSING ACTION**

## INTRODUCTION

This closed federal habeas corpus action was filed under 28 U.S.C. § 2254 by a pro se state prisoner. The Court dismissed the petition as second or successive, and entered judgment in favor of respondent, on March 22, 2013. Petitioner appealed. On May 29, 2013, the Ninth Circuit Court of Appeals terminated his appeal when it denied his application for a Certificate of Appealability. (Docket Nos. 11 and 12.)

Petitioner since has filed a post-judgment motion. (Docket No. 17.) The action is REOPENED so that this filing can be considered. The Clerk shall amend the docket accordingly. The judgment and the order dismissing the petition remain in effect.

## BACKGROUND

When petitioner filed the instant action, he had filed at least one previous petition regarding the same conviction, that is, No. C 10-1816 RS (N.D. Cal. May 25, 2010). That

prior petition was dismissed as untimely.  A petition dismissed as untimely bars as second or successive any petitions directed to the same conviction(s) at issue in the dismissed petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).  The instant action was barred as second or successive to the prior petition.

## DISCUSSION

Petitioner now moves under Federal Rule of Civil Procedure 60(b) to vacate the judgment and order of dismissal so that he can file a new habeas petition.  (Docket No. 17.)  He contends that new case law allows him to bring new claims.  The cases are *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013).[1]

### I.     Rule 60(b) or Successive Petition

The Court must question first whether petitioner's filing is a Rule 60(b) motion or a disguised 28 U.S.C. § 2254 petition.  "Habeas corpus petitioners cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions."  *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Calderon v. Thompson*, 523 U.S. 538, 547 (1998).  A legitimate Rule 60(b) motion "attacks . . . some defect in the integrity of the federal habeas proceedings."  *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).  A second or successive petition is a filing that contains one or more claims asserted as the basis for relief from a state court's judgment of conviction.  *Id.*  "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions."  *Jones*, 733 F.3d at 834 (quoting *Gonzalez*, 545 U.S. at 532 n.5).  Such a motion "although labeled a

---

[1] Petitioner did not provide a full case citation for *Detrich*.  He wrote "S.CT. Detrich v. Ryan (2013)."  (Docket No. 17 at 2.)  The closest match is *Ryan v. Detrich*, 131 S. Ct. 2449 (Mem) (2011), in which the Supreme Court vacated a lower court ruling and remanded the case for further consideration in light of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011).  Because the summary remand affords petitioner no relief, the Court believes his reference to *Detrich* is to the 9th Circuit case cited above.

Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzales*, 545 U.S. at 531.

Petitioner's Rule 60(b) motion is in truth a disguised section 2254 petition. None of his arguments amounts to an allegation of a "defect in the integrity of the federal habeas proceedings" that constitutes legitimate grounds for a Rule 60(b) motion. *Gonzalez*, 545 U.S. at 530. Rather, he asks to file a new petition alleging claims based on the new case law of *Martinez* and *Detrich*. His filing, then, must be treated as a second or successive petition.

## II.   Successive Petition

In order to file a second or successive petition, a federal habeas petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). This bar can be avoided if the petitioner "shows" that the "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

This second or successive petition is DISMISSED. First, petitioner has not shown that he has obtained an order from the Court of Appeals authorizing this Court to consider the petition. Second, *Martinez* did not announce a new rule of constitutional law that applies retroactively, *Jones*, 733 F.3d at 836, 840, and therefore it cannot underpin a second or successive petition, *id.* at 843; *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012).

*Martinez*, according to the Supreme Court, was an "equitable ruling," rather than a constitutional one. *Martinez*, 132 S. Ct. at 1319. It held only that "in some circumstances, the ineffective assistance of state post-conviction relief counsel can serve as cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim." *Jones*, 733 F.3d at 836. *Martinez*, then, provides relief from procedural default, not from the rule against filing a second or successive petition.

**CONCLUSION**

Insofar as the filing is a Rule 60(b) motion, it is DENIED. Insofar as the filing is a second or successive petition, it is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall terminate Docket No. 17 and close the file.

**IT IS SO ORDERED**.

DATED: January 12, 2016

_____
RICHARD SEEBORG
United States District Judge